880 So.2d 798 (2004)
Jesse L. BLANTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3143.
District Court of Appeal of Florida, Fifth District.
August 13, 2004.
*799 James B. Gibson, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.

ON MOTION FOR REHEARING
We grant rehearing to address one point, discussed in footnote 4, and supplant our prior opinion. In all other respects the Motion for Rehearing is denied.
In this capital sexual battery case, Appellant raises two issues: First, whether the child victim hearsay exception set forth in section 90.803(23), Florida Statutes (2003), applies if the child victim was age 11 or less at the time she gave a statement to police, but over age 11 at the time of the hearing on the motion to admit the statement. Second, whether Appellant's constitutional right of confrontation was violated by the admission of the statement, even though Appellant's counsel deposed the child after she gave the statement. We conclude that the statutory hearsay exception does apply, and Appellant's right of confrontation was not infringed. Therefore, we affirm the lower court's decision admitting the statement.
*800 Appellant is the victim's father, having adopted the victim when she was very young. He was charged with numerous counts of Capital Sexual Battery and Promoting Sexual Performances by a Child. At the time of the offenses, the victim was 11 years old and Appellant was approximately 39. The primary evidence against him was a videotape recording, with an audio track of Appellant's voice, and numerous photographs depicting the victim in various lewd poses, some of which also depicted Appellant engaged in acts of sexual battery with the victim. The videotape and photographs were found by police at Appellant's house when they served a search warrant.
When the victim was still 11 years old, she made a statement to a police investigator, recorded on audiotape, wherein she stated that the photographs and video all depicted her, that Appellant was also depicted in several of them, and that it was Appellant's voice on the audio portion of the video. By the time of the hearing on the State's motion to introduce the statements pursuant to section 90.803(23), Florida Statutes, however, the victim was 13 years old. Finding that the victim, who suffers from post-traumatic stress disorder, was legally unavailable to testify due to her psychological condition, the trial court granted the State's motion and received the statement as evidence at the subsequent non-jury trial. Appellant was convicted on several counts and sentenced to life imprisonment.
Regarding Appellant's first issue on appeal, the relevant statute provides in pertinent part as follows:
Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing ... child abuse or neglect,[or] any act of sexual abuse against a child ... is admissible in evidence in any civil or criminal proceeding....
§ 90.803(23)(a), Fla. Stat. (2003).
Appellant contends that the statute only applies if the child victim is 11 years old or less at the time the statement is admitted into evidence. We disagree. We think the statute clearly and unambiguously pertains to statements made by a child victim who is 11 years old or less at the time the statement is made.
Appellant's second point is controlled by the United States Supreme Court's recent pronouncement in Crawford v. Washington, ___ U.S. ___, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), a case which was decided after the commencement of this appeal. Without objection from the State, we granted leave for Appellant to file a supplemental brief to raise this issue.[1] In Crawford, the Supreme Court held that, pursuant to the Confrontation Clause of the United States Constitution, testimonial statements of witnesses absent from trial are inadmissible unless the witness is unavailable and the defendant has had a "prior opportunity" to "cross-examine" the witness. Id. at 1369. In explaining *801 its holding, the Court explored the Confrontation Clause's historical underpinning and concluded that its primary purpose was to preclude the use at trial of ex parte, testimonial statements, the truth of which had not been tested using the adversarial tool of cross-examination.
Although the Court declined to define "testimonial," here, the State concedes that the statement was testimonial. Moreover, Appellant does not challenge the trial court's finding that the victim was unavailable. Thus, the only issue for us to consider under Crawford is whether Appellant had a "prior opportunity to cross-examine" the victim. Id. at 1369.
At the outset we note that Appellant makes no argument that Crawford requires an opportunity for a traditional "cross-examination," meaning one that is fairly contemporaneous with a "direct examination." Indeed, Crawford makes clear that the "cross-examination" need not take place in the presence of the fact finder; thus, its proximity in time to the direct examination or statement date should have no bearing on how the fact finder assimilates the direct and cross once these statements are admitted in evidence.[2] Moreover, as Crawford points out, the primary goal of the Confrontation Clause is to prevent the use of statements not previously tested through the adversarial process. Id. at 1363. This goal is ordinarily met when an accused is provided with notice of the charges, a copy of the witness's statement, and a reasonable opportunity to test the veracity of the statement by deposition.
Here, Appellant acknowledges that he availed himself of this opportunity by taking the victim's deposition, but he contends that the opportunity was not "meaningful" or "adequate" for several reasons.[3] First, citing State v. Skolar, 692 So.2d 309 (Fla. 5th DCA 1997), Appellant argues that the deposition in this case could not be used as substantive evidence at trial because Appellant did not depose the victim under rule 3.190(j), Florida Rules of Criminal Procedure, which pertains to perpetuated testimony. We fail to see how this argument has merit. Appellant clearly had the "opportunity" to depose the victim under this rule but made no such attempt. Moreover, Appellant could have used the deposition to impeach the victim even if it could not be used as substantive evidence, but the record in this case reflects that Appellant never attempted to use the deposition for any purpose. See e.g. § 90.608, Fla. Stat. (2003).[4]
*802 Appellant's second contention is that his counsel was not as zealous in conducting the discovery deposition as his cross-examination would have been at trial. In rejecting this argument, we emphasize that Crawford mandates only the "opportunity" for the examination. Whether and how that opportunity is used is within the control of the accused, and he should not be heard to complain about an opportunity squandered. We further note that the discovery deposition is not in the record here, and Appellant has not sought leave to supplement the record. It is impossible for us to determine, therefore, the extent to which Appellant was prejudiced by his counsel's purported lack of vigor. However, given the strength of the graphic evidence, and the nature of the victim's statement, which essentially, merely authenticated the video and photographs, it is very doubtful that a more vigorous interrogation would have accomplished anything favorable for Appellant.
Lastly, Appellant argues that Appellant's right to confront the victim was violated because he might not have been personally present at the deposition. On this issue, however, Appellant acknowledges that the record is silent. Moreover, assuming he was not present, there is nothing in the record to suggest that he made any request to attend. Due to its speculative factual nature, therefore, we dismiss this hypothetical legal argument without further consideration.
As a final point of discussion, the State urges that, even if the victim's statement should have been excluded in this case, any error in admitting the statement was harmless, citing State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We quite agree. The accusations contained in the victim's statement were proven through other witnesses; thus, the out-of-court statement was merely cumulative. The victim's mother's in-court testimony was substantively synonymous to the statement of the victim. She independently authenticated the photos and video. She also established the respective ages of the victim and Appellant and placed a time frame on the events. A police officer provided circumstantial proof that the photos and video were taken at Appellant's house in Seminole County. Beyond that, the proof was in the pictures and video, which vividly depicted the criminal acts in excruciating detail.
AFFIRMED.
PETERSON and ORFINGER, JJ., concur.
NOTES
[1] We express some doubt that this issue was preserved for review based on our review of the record. Unlike Crawford, where a specific objection was made based on the Constitution's Confrontation Clause, here the trial judge was not asked to address this issue. The State does not argue waiver, however, so we will address the issue on its merits as if the proper objection had been made. In making this observation, we do not suggest that competent counsel should have made such an objection, which would have required counsel to predict that the Supreme Court would overturn its earlier decision in Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).
[2] One can envision a situation when, due to an extraordinary lapse in time or other circumstances beyond the control of the accused, the opportunity for cross is negated. Because we are not faced with this circumstance today, we leave this issue for resolution on another day.
[3] Crawford does not expressly address the issue of whether the opportunity for cross must be "meaningful," although common sense suggests that this notion is implicit in Crawford. Indeed, what constitutes a "meaningful" opportunity for cross might be the subject of much debate in the years to come. We emphasize, however, that our opinion today is limited to the facts of this case.
[4] In his Motion for Rehearing, Appellant takes issue with this proposition. Citing, Pearce v. State, 2004 WL 1469337, 880 So.2d 561 (Fla. July 1, 2004), Appellant contends that impeachment of the victim's statement by inconsistent statement is not possible because the necessary predicate of affording the witness an opportunity to review and explain the statement cannot be established. See § 90.614 Fla. Stat. (2003). Appellant's argument overlooks, however, section 90.806, Florida Statutes, which excepts the need for this predicate when a hearsay statement is attacked by an inconsistent statement of the hearsay declarant. Pearce does not address a situation wherein this exception is applicable.