898 So.2d 1096 (2005)
STATE of Florida, Petitioner,
v.
Steven Donald CAUSEY, Respondent.
No. 5D04-3180.
District Court of Appeal of Florida, Fifth District.
March 24, 2005.
*1097 Charles J. Crist, Jr., Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Petitioner.
Howard H. Babb, Public Defender and Elizabeth Osmond, Assistant Public Defender, Brooksville, for Respondent.
PALMER, J.
The State has filed a petition seeking certiorari review of a pre-trial order entered by the trial court regarding the admission of statements made by an alleged child victim.[1] Concluding that the order entered by the trial court violates a clearly established principle of law, we grant the petition, quash the trial court's order, and remand this matter for further proceedings.[2]
Steven Causey (defendant) was charged with committing the crime of sexual battery upon a person less than twelve years of age by a person older than eighteen years of age. The State filed a notice of its intent to use child hearsay testimony at the defendant's trial pursuant to section 90.803(23)(b), Florida Statutes (2001). Specifically, the State indicated its intent to offer statements made by the alleged child victim to her mother, a friend, a member of the Child Protection Team, two doctors who performed medical examinations, and one additional witness whose relationship to the child is unclear from the record.
The defendant filed an objection to the introduction of the child's statements, citing to Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Under Crawford, testimonial child hearsay statements are excluded from evidence under the confrontation clause unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. At the hearing on the defendant's objection, the trial court generally opined that any statements made by a child victim during the time frame that a criminal investigation is ongoing is testimonial *1098 in nature, and then later entered a written order which states:
Any testimonial statements made by the alleged child victim in the course of investigation in the above styled cause, or which meet the definition set forth in 90.803(22), Fla. Stat. (2004), and which are not otherwise admissible are barred by Crawford v. Washington, [541 U.S. 36] 124 S.Ct. 1354 [158 L.Ed.2d 177], unless the defendant or his counsel were allowed to be present and cross examine such statements.
The State argues that the language of the trial court's order is contrary to the ruling in Crawford since Crawford does not require the defendant or his counsel to be present at the time the witness's statement is made or to be given an opportunity to cross-examine the witness at that time. We agree. The ruling in Crawford merely requires that a defendant have an opportunity at some time prior to trial to cross-examine the witness. See Blanton v. State, 880 So.2d 798 (Fla. 5th DCA 2004)(finding no Crawford violation in a situation where the State introduced evidence from an eleven-year-old witness in the form of an audiotape of a statement she made to the police since the defendant had been given an opportunity, prior to trial, to cross-examine the witness).[3]
In closing, we note that the instant pretrial order is also defective because it does not specifically set forth which of the child's several statements intended to be introduced by the State would be precluded under the terms of the order. From the trial court's comments at the hearing, it might be inferred that all of the child's statements would be deemed to be testimonial, and therefore excludable, but it is unclear whether that is the legal effect of the order as written. Accordingly, on remand, the trial court must determine, applying the standard set forth in Crawford, which of the statements the State seeks to introduce would be deemed to be testimonial and, therefore, excluded under Crawford. In making that determination, the trial court should be mindful that all statements made by the alleged child victim during the time the investigation was ongoing are not testimonial simply because they were made during that time frame. See Herrera-Vega v. State, 888 So.2d 66 (Fla. 5th DCA 2004)(declining to extend Crawford to statements made by a child victim to her mother and father about sexual contact with the defendant, concluding that such statements did not qualify as being testimonial).
Petition GRANTED; Order QUASHED; Cause REMANDED.
PLEUS and TORPY, JJ., concur.
NOTES
[1] This court possesses jurisdiction to review this petition because the pre-trial order was entered in a criminal case. See State v. Gerry, 855 So.2d 157 (Fla. 5th DCA 2003).
[2] See Combs v. State, 436 So.2d 93 (Fla.1983).
[3] We acknowledge that the First District Court of Appeal has reached the contrary conclusion and certified conflict accordingly. In Lopez v. State, 888 So.2d 693 (Fla. 1st DCA 2004), the court certified conflict with Blanton and ruled that an out-of-court statement made by a victim who was unavailable for trial was improperly admitted into evidence in violation of the rule enunciated in Crawford, even though the victim appeared for a discovery deposition and was questioned by defense counsel.