978 So.2d 149 (2008)
Jesse L. BLANTON, Petitioner,
v.
STATE of Florida, Respondent.
No. SC04-1823.
Supreme Court of Florida.
March 13, 2008.
*150 James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, *151 Seventh Judicial Circuit, Daytona Beach, FL, for Appellant.
Bill McCollum, Attorney General, Tallahassee, FL, Wesley Heidt, Assistant Attorney General, Dayton Beach, FL, for Appellee.
Paula S. Saunders, Assistant Public Defender and Michael Ufferman, Tallahassee, FL, on behalf of the Florida Association of Criminal Defense Lawyers, as Amicus Curiae.
QUINCE, J.
This case is before the Court for review of the decision of the Fifth District Court of Appeal in Blanton v. State, 880 So.2d 798 (Fla. 5th DCA 2004), based on express and direct conflict with the decision in Lopez v. State, 888 So.2d 693 (Fla. 1st DCA 2004), approved, 974 So.2d 340 (Fla. 2008). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons explained below, we disapprove the reasoning of the Fifth District in Blanton on the issue of a discovery deposition being an opportunity to cross-examine, but approve the result affirming the convictions based on harmless error.

FACTS AND PROCEDURAL HISTORY
Jesse L. Blanton was convicted of four counts of capital sexual battery and thirteen counts of promoting sexual performances by a child involving his eleven-year-old adopted daughter. The primary evidence against Blanton was a videotape recording depicting the victim engaging in sexually explicit conduct at the urging of an adult male whose voice is on the audio track and also depicting an unidentified adult male engaging in sex with the victim, numerous photographs of the victim in various lewd poses, and some photographs depicting an adult male engaging in sex with the victim. These items were found by the police at Blanton's house when they executed a search warrant. The victim identified these items during an audiotaped interview with a police investigator. In this recorded interview, the victim stated that she was the girl depicted in both the photographs and the videotape found in Blanton's house, that Blanton was also the man depicted in several of the photographs, that Blanton took the videotape depicting her engaging in various sexual activities, that the voice on the videotape was Blanton's, and that she was eleven years old when all of this occurred.
A hearing was held on the State's motion to introduce the child's recorded statements pursuant to section 90.803(23), Florida Statutes (2007), the child victim hearsay exception.[1] At the time of the *152 hearing, the victim was thirteen years old, had been diagnosed as suffering from depression and posttraumatic stress disorder, and was unavailable to testify.[2] The trial court granted the State's motion and received the victim's audiotaped statement to the police as evidence at Blanton's bench trial. Blanton was convicted and sentenced to life imprisonment.
Blanton appealed his conviction and sentence to the Fifth District Court of Appeal. While that appeal was pending, the United States Supreme Court issued its decision in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), which modified the standard for determining whether the admission of a testimonial hearsay statement against a criminal defendant violates the right of confrontation. Blanton filed a supplemental brief, claiming in part that his constitutional right of confrontation was violated by the admission of the victim's taped statement, even though his attorney deposed the victim after she gave her statement to the police. Blanton v. State, 880 So.2d 798 (Fla. 5th DCA 2004).[3] On appeal, the State conceded that the victim's audiotaped statement was testimonial and noted that Blanton had not challenged the trial court's finding that the victim was unavailable. Id. at 801. The Fifth District framed the issue on appeal as whether Blanton had a "prior opportunity to cross-examine" the victim as required under Crawford. Id.
The Fifth District concluded that the right of confrontation can be satisfied by giving the accused a notice of the charges, a copy of the witness's statement, and a reasonable opportunity to test the veracity of that statement by deposition. Id. In the instant case, the Fifth District found this requirement had been satisfied because Blanton was given an opportunity to depose the victim and did in fact depose her before trial. Id.
On appeal, Blanton argued that his opportunity for cross-examination was not meaningful or adequate because: (1) the discovery deposition of the victim was not *153 taken pursuant to Florida Rule of Criminal Procedure 3.190(j)[4] and thus was not admissible as substantive evidence; (2) defense counsel's discovery deposition questioning was not as zealous as his cross-examination at trial would have been; and (3) Blanton might not have been personally present at the deposition. Blanton, 880 So.2d at 801-802. The Fifth District rejected each of these arguments. First, the Fifth District noted that Blanton had the "opportunity" to depose the victim under rule 3.190(j), but made no attempt to do so. Further, the court noted that Blanton did not even attempt to use the discovery deposition for impeachment purposes at trial. Id. at 801. Second, the court noted that Crawford mandates only the "opportunity" for cross-examination and Blanton could not complain about an "opportunity squandered." Further, the court concluded that it was doubtful that more vigorous interrogation by counsel would have accomplished a favorable result for Blanton given the strength of the graphic evidence and the fact that the child's statement merely authenticated that evidence. Id. at 802. Third, the court noted that the record is silent about Blanton's presence at the deposition, but even assuming he was not present, there is nothing showing he requested to be present. Id. Finally, the Fifth District concluded that even if the victim's statement was improperly admitted, it was harmless error. Id.
This Court granted review based on express and direct conflict with the First District Court of Appeal's decision in Lopez. The Court heard argument from the parties on the same day that it considered two other cases involving Confrontation Clause issues under Crawford. See State v. Contreras, No. SC05-1767, ___ So.2d ___, 2008 WL 657867 (Fla. Mar. 13, 2008); State v. Lopez, 974 So.2d 340 (Fla.2008).

ANALYSIS
Section 90.802 of the Florida Evidence Code states the general rule that hearsay is inadmissible except as provided by statute. § 90.802, Fla. Stat. (2006). Hearsay is defined in section 90.801(1)(c) as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Id. § 90.801(1)(c). The videotaped statements by the victim were hearsay because offered as proof that Blanton committed the acts in question. Thus, these statements were not admissible in evidence unless they fell within one of the statutory exceptions to the hearsay rule. The trial court found the statements admissible under the child victim hearsay exception in section 90.803(23), Florida Statutes (2003).[5]
However, the mere fact that evidence meets the requirements of an exception to the hearsay rule does not necessarily mean it is admissible as evidence. The statement might be inadmissible for other reasons, including that the use of the statement would violate the defendant's constitutional right of confrontation. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. *154 amend. VI. The right guaranteed by this part of the Sixth Amendment differs from the kind of protection that is afforded by state evidentiary rules governing the admission of hearsay.
The standard for determining whether the admission of a testimonial hearsay statement against a criminal defendant violates the right of confrontation was modified by the Supreme Court in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Before Crawford, the issue was controlled by Ohio v. Roberts, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), which held that a hearsay statement could be admitted in a criminal trial without violating the right of confrontation if it was shown that the declarant was unavailable and the out-of-court statement bore adequate indicia of reliability. The Roberts test focused on the reliability of the statement. As explained in Roberts, a statement had adequate indicia of reliability if it either fell within a firmly rooted hearsay exception or if it bore "particularized guarantees of trustworthiness." Id.
In Crawford, the Supreme Court dispensed with the Roberts reliability analysis for testimonial hearsay statements and held the admission of a hearsay statement made by a declarant who does not testify at trial violates the Sixth Amendment if (1) the statement is testimonial, (2) the declarant is unavailable, and (3) the defendant lacked a prior opportunity for cross-examination of the declarant. The Court emphasized that if "testimonial" evidence is at issue, "the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." Crawford, 541 U.S. at 68, 124 S.Ct. 1354. "Only [testimonial statements] cause the declarant to be a `witness' within the meaning of the Confrontation Clause." Davis v. Washington, 547 U.S. 813, 126 S.Ct. 2266, 2273, 165 L.Ed.2d 224 (2006). "It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause." Id.
Because the statements at issue here were elicited during police questioning of the child, the State conceded that the statement was testimonial under Crawford. Blanton, 880 So.2d at 801; see also Crawford, 541 U.S. at 52, 124 S.Ct. 1354 ("Statements taken by police officers in the course of interrogations are also testimonial under even a narrow standard [of what constitutes the core class of "testimonial" statements]."). Further, Blanton did not challenge the trial court's finding that the victim was unavailable. Blanton, 880 So.2d at 801; see also Contreras, No. SC05-1767 slip op. at 21 (concluding that a child witness can be "unavailable" under Crawford due to mental or emotional harm that testifying can cause). Thus, the issue we must resolve is whether Blanton was afforded an "opportunity for cross-examination," as required by Crawford, based on defense counsel's discovery deposition of the victim and the unexercised opportunity to take a deposition to perpetuate testimony pursuant to rule 3.190(j). If this cross-examination requirement was not met, we must determine whether the admission of the victim's statement was harmless error.

Was the Discovery Deposition a Prior Opportunity to Cross-Examine?
Blanton concedes that his counsel took the victim's deposition before trial pursuant to Florida Rule of Criminal Procedure 3.220(h). However, he argues that this discovery deposition did not provide a "meaningful" or "adequate" opportunity for cross-examination. The State counters that Blanton did have an opportunity to *155 confront the victim during this deposition and counsel's failure to engage in vigorous cross-examination does not negate this fact. The State also notes that Blanton never requested to conduct a rule 3.190(j) deposition to perpetuate testimony, even though this vehicle was available to him.
The Fifth District agreed with both of the State's arguments on this issue. The court noted that Blanton was afforded a reasonable opportunity to test the veracity of the victim's statement by deposition and that he availed himself of this opportunity. Blanton, 880 So.2d at 801. The court faulted Blanton for not attempting to depose the witness under rule 3.190(j),[6] for failing to impeach the victim with the discovery deposition, and for "never attempt[ing] to use the deposition for any purpose." Id. The court also chided that Blanton "should not be heard to complain about an opportunity squandered" based on counsel's "purported lack of vigor" in cross-examination during the discovery deposition. Id. at 802.
We do not agree with the Fifth District. As we explained in Lopez, there are a number of reasons why a discovery deposition does not satisfy the opportunity for cross-examination that is required under Crawford. See Lopez, 974 So.2d at 347-50. First, rule 3.220(h) was not designed as an opportunity to engage in adversarial testing of the evidence against the defendant, nor is the rule customarily used for the purpose of cross examination. Instead, the rule is used to learn what the testimony will be and attempt to limit it or to uncover other evidence and witnesses. A defendant cannot be "expected to conduct an adequate cross-examination as to matters of which he first gained knowledge at the taking of the deposition." State v. Basiliere, 353 So.2d 820, 824-25 (Fla.1977). This is especially true if the defendant is "unaware that this deposition would be the only opportunity he would have to examine and challenge the accuracy of the deponent's statements." Id. at 824. Second, a discovery deposition is not intended as an opportunity to perpetuate testimony for use at trial, is not admissible as substantive evidence at trial, and is only admissible for purposes of impeachment. Third, the defendant is not entitled to be present during a discovery deposition pursuant to rule 3.220(h). See Lopez v. State, 888 So.2d at 700. Thus, the exercise of the right to take a discovery deposition under rule 3.220 does not serve as the functional substitute for in-court confrontation of the witness.
The Fifth District also noted that Blanton had the opportunity to depose the victim under rule 3.190(j), which would have required his presence and permitted the deposition to be admitted as substantive evidence at trial, but "made no such attempt." Blanton, 880 So.2d at 801. If the court is equating Blanton's failure to exercise the right to perpetuate testimony under rule 3.190(j) with a waiver of his right to confrontation, we do not agree. Under the circumstances of this case, the failure in this regard does not comport with the definition of waiver, i.e., "an intentional relinquishment or abandonment of a known right or privilege." Barber v. Page, 390 U.S. 719, 725, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968) (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)).
*156 Additionally, we conclude that the mere existence of rule 3.190(j) does not provide defendants with a "prior opportunity" for cross-examination, as explained in Crawford. Under the rule, a defendant has a right to be present when the deposition is taken "on the application of the state." Fla. R.Crim. P. 3.190(j)(3); see also Basiliere, 353 So.2d at 825 (concluding that Confrontation Clause mandates presence of defendant where deposition will be admitted as substantive evidence against him at trial). Thus, when a State witness may be unavailable for trial, the burden is on the State to file a motion to perpetuate testimony under rule 3.190(j).[7] Only then would the defendant's "prior opportunity for cross-examination" come into play.[8]
Thus, under the facts of the instant case, we conclude that neither the discovery deposition of the victim nor the existence of the rule permitting a deposition to perpetuate testimony provided Blanton with the prior opportunity for cross-examination required by Crawford. Thus, the trial court erred by admitting the victim's recorded testimonial statements because they violated Blanton's right to confrontation.

2. Harmless Error
"It is well established that violations of the Confrontation Clause, if preserved for appellate review, are subject to harmless error review . . . and Crawford does not suggest otherwise." United States v. McClain, 377 F.3d 219, 222 (2d Cir.2004). Under Florida's harmless error analysis, the reviewing court must determine "whether there is a reasonable possibility that the error affected the verdict." State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). The State, as the beneficiary of the error, has the burden to show that the error was harmless. Id. "If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful." Id.
Here, Blanton was charged with capital sexual battery and promoting sexual performances by a child. Blanton, 880 So.2d at 799. The evidence of these crimes included a videotaped recording, with an audio track of Blanton's voice, and numerous photographs depicting the victim in various lewd poses and engaging in sex acts with an adult male. The victim told the police about these images when she reported being sexually abused by Blanton. She also told the police where Blanton kept the images in his home. When the police served a search warrant for Blanton's home, they found the videotape and the photographs in the location that the victim had specified.
In the audiotaped interview with the police, the victim identified herself and Blanton in the photographs and the videotape. She also stated that Blanton had *157 taken the photographs and video of her when she was eleven years old and that no one else was present at the time. It was this testimonial statement by the victim that violated Blanton's right of confrontation as provided in Crawford. However, we agree with the Fifth District that these accusations by the victim were proven through other witnesses and evidence.
The victim also told the police officers the street address and location of the house where the photographs and videotape had been made. She described one of the bedroom walls in the house as dark blue with multicolor swirl patterns. The State introduced police photographs of the exterior of the house and the distinctive wall coloring of one of the bedrooms. This same wall was clearly visible in some of the images of the victim. This was strong circumstantial proof that the photographs and video were taken in Blanton's house.
The victim's mother testified at trial and her in-court testimony was "substantively synonymous to the statement of the victim." Blanton, 880 So.2d at 802. The mother identified her daughter as the person depicted in the sexually explicit photographs and video; identified Blanton as the male voice on the audio track of the videotape; identified Blanton in one of the photographs depicting sex acts; and established the ages of the victim and Blanton at time the images had been taken. The mother also confirmed that Blanton and the victim had lived at the house identified by the victim and depicted in the photographs taken by the police.
Finally, as the Fifth District stated, the proof of Blanton's guilt "was in the pictures and video, which vividly depicted the criminal acts in excruciating detail." Id. The victim's out-of-court statement was merely cumulative to this properly admitted evidence. Thus, we find no "reasonable possibility that the error affected the verdict" and conclude that the error was harmless beyond a reasonable doubt. DiGuilio, 491 So.2d at 1139.

CONCLUSION
Therefore, we approve the result in this case, affirming Blanton's convictions of capital sexual battery and promoting sexual performances by a child. We disapprove the district court's reasoning, however, to the extent that it conflicts with Lopez and this opinion on the question of whether a discovery deposition provides an opportunity for cross-examination that satisfies the requirements of Crawford. We approve of the First District's decision in Lopez on the discovery deposition issue. See Lopez, 974 So.2d at 351.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, CANTERO, and BELL, JJ., concur.
BELL, J., specially concurs with an opinion, in which WELLS, J., concurs.
BELL, J., specially concurring.
I agree with the majority that a discovery deposition does not satisfy the prior opportunity for cross-examination required by Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). And I agree that, although the mere existence of Florida Rule of Criminal Procedure 3.190(j) is insufficient, a deposition to perpetuate testimony under rule 3.190(j) would satisfy the prior opportunity for cross-examination required by Crawford. I write separately to emphasize that, when necessary to prevent emotional or mental harm to a child witness, a defendant's right to a prior opportunity for cross-examination can be properly protected without requiring actual, face-to-face confrontation in a rule 3.190(j) deposition. Section 92.53, Florida Statutes (2006), details just how the defendant's right to confront and *158 the child's right not to be harmed are achieved.
In Maryland v. Craig, 497 U.S. 836, 856, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990), the Supreme Court held that when necessary to prevent trauma to a child witness, the confrontation clause does not prohibit the use of technology that, despite the absence of face-to-face confrontation, subjects the child witness's testimony to rigorous adversarial testing. While Craig predates Crawford, the Supreme Court has not indicated that Craig has been overruled or abrogated. Indeed, Crawford does not discuss or even mention Craig. In addition, the Eleventh Circuit has applied Craig in a post-Crawford case. See United States v. Yates, 438 F.3d 1307, 1313 (11th Cir.2006). Accordingly, I believe that Craig is still viable and that the confrontation clause does not require a child witness to have an actual, face-to-face confrontation with the defendant in a rule 3.190(j) deposition to perpetuate testimony.[9]
Because the child witness in this case was not deposed pursuant to rule 3.190(j), this discussion admittedly is dictum. Nevertheless, I think it is important not to lose sight of the fact that the State has a compelling interest in protecting child witnesses from harm and in protecting society from the irreparable harm that a sex offender may commit in the future. Given this compelling interest, vulnerable child witnesses should not be required to have an actual, face-to-face confrontation with the accused perpetrator in a rule 3.190(j) deposition to perpetuate testimony.
Section 92.53 provides for the use of videotape to perpetuate a child victim's testimony. Significantly, it allows a trial court to order that a defendant view this videotaping outside of the presence of the child.[10] Specifically, if there is a substantial likelihood that the presence of the defendant would cause the child at least moderate emotional or mental harm, section 92.53 allows a trial judge to require a defendant to view the child's testimony "by means of a two-way mirror or another similar method that will ensure that the defendant can observe and hear the testimony of the victim or witness in person, but that the victim or witness cannot hear or see the defendant."[11] § 92.53(4). However, "[t]he defendant and the attorney for the defendant may communicate by any appropriate private method." Id. Under this procedure, the defendant's right to confront and the child's right not to be harmed are protected.
WELLS, J., concurs.
NOTES
[1] The child victim hearsay exception provides, in pertinent part:

(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).
§ 90.803(23), Fla. Stat. (2007).
[2] At the time of the hearing, the victim was living in a residential psychiatric treatment facility for children. An evaluation revealed that her psychological status was severely compromised. She was also at high risk for self-destructive behavior and had attempted suicide a number of times. The victim's treating psychiatrist also testified that the victim's participation in the trial would put her at risk of worsening her symptoms of clinical depression, posttraumatic stress disorder, anxiety, suspicion, paranoia, and suicidal thoughts.
[3] Although the Fifth District expressed some doubt that the Crawford issue had been preserved for review, the court addressed the issue on the merits "as if the proper objection had been made." Blanton, 880 So.2d at 800 n. 1. The State did not argue a procedural bar to the district court or this Court. However, our review of the hearing on the State's motion to admit child hearsay reveals that Blanton's counsel argued that the admission would violate Blanton's right to confrontation and right to cross-examination. At trial, counsel made a continuing objection to the admission of the victim's hearsay statements and asked the court to order the victim to identify the photographs in court. Thus, we conclude that the issue was properly preserved for appeal. For a discussion of the preservation of a Crawford confrontation claim, see our opinion in Franklin v. State, 965 So.2d 79, 89-90 (Fla.2007).
[4] Florida Rule of Criminal Procedure 3.190(j) permits either the State or the defendant to file a pretrial motion for an order to take a deposition to perpetuate the testimony of a witness, provided that the witness either resides beyond the territorial jurisdiction of the court or may be unable to attend the trial, the witness's testimony is material, and the testimony is necessary to the case. Such depositions are admissible as substantive evidence at trial.
[5] The current version of the statute is the same as the 2003 version applied in Blanton's case.
[6] Florida Rule of Criminal Procedure 3.190(j)(1) permits either the State or the defendant to depose a witness to perpetuate testimony if "a prospective witness . . . may be unable to attend or be prevented from attending a trial or hearing, . . . the witness's testimony is material, and . . . it is necessary to take the deposition to prevent a failure of justice."
[7] The State's application to take a deposition to perpetuate testimony triggers a number of obligations for the State. First, the defendant and the defendant's attorney must be given "reasonable notice of the time and place set for the deposition." Fla. R.Crim. P. 3.190(j)(3). Further, if the defendant is in custody, the officer having custody must be given notice and is required to "produce the defendant at the examination and keep the defendant in the presence of the witness during the examination." Id. The State must also pay the travel and subsistence expenses for the defendant's attorney and for any defendant who is not in custody. Id. Concomitantly, a defendant who is not in custody waives the right to be present when he or she fails to appear at the deposition after being given proper notice and tender of expenses. Id.
[8] This case does not present and we do not address the issue of whether the defendant must be present at a child's deposition to perpetuate testimony under rule 3.190(j).
[9] My view is consistent with other jurisdictions' determinations that Crawford did not abrogate Craig. See State v. Blanchette, 35 Kan.App.2d 686, 134 P.3d 19, 29 (2006) (finding that Craig still controls the determination of whether a child victim's testimony via closed-circuit television violates the confrontation clause), cert. denied, ___ U.S. ___, 127 S.Ct. 1302, 167 L.Ed.2d 115 (2007); State v. Griffin, 202 S.W.3d 670, 680-81 (Mo.Ct.App. 2006) (determining that Craig is still viable and that, despite the defendant's exclusion, the defendant was provided with a prior opportunity to cross-examine the child witness during the deposition); State v. Henriod, 131 P.3d 232, 237-38 (Utah 2006) (holding that Crawford did not abrogate Craig and that the district court erred when it determined that Crawford prevented the child witness from testifying through the use of closed-circuit television).
[10] Rule 3.190(j) has been repealed insofar as it is inconsistent with section 92.53. See Ch. 79-69, § 3, Laws of Fla.
[11] In addition to a child witness under age 16, section 92.53 applies to a person with mental retardation.