PER CURIAM.
Appellant, Julio Malave, appeals the judgment and sentence imposed after a jury found him guilty of two counts of sexual battery upon a mentally defective adult, one count of lewd or lascivious battery upon a disabled person, two counts of lewd or lascivious molestation of a disabled adult, one count of committing an unnatural or lascivious act, and one count of incest. We agree with Appellant that the trial court erred in admitting the victim's statement to the Child Protection Team investigator. However, we conclude that *671 the erroneous admission of the statement constituted harmful error only as to Appellant's convictions on counts V and VI, in which the jury found him guilty of lewd or lascivious molestation of a disabled adult and the lesser included offense of committing an unnatural or lascivious act, respectively. We remand for a new trial on those counts. In all other respects, we affirm.
The State charged Appellant with several counts arising out of allegations that he had sexual relations with his twenty-seven-year-old, mentally disabled granddaughter, after the victim's mother reported one incident to the police. The State filed its notice of intent to introduce the statement the victim made to the Child Protection Team ("CPT statement"). The State sought to introduce the statement under section 90.803(24), Florida Statutes (2017), which provides a hearsay exception for out-of-court statements of a disabled adult under certain circumstances. Appellant argued that pursuant to Crawford v. Washington , 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the CPT statement should be excluded because its admission would violate his Sixth Amendment right to confront the witnesses against him.[1]
The trial court ultimately permitted admission of the CPT statement, relying on State v. Townsend , 635 So.2d 949 (Fla. 1994), and an analysis of the section 90.803 criteria. This was error. Where the admissibility of testimonial evidence is at issue, the Confrontation Clause forbids its admission unless the declarant is unavailable to testify and the defendant had a previous opportunity to cross-examine the declarant. Crawford , 541 U.S. at 54, 124 S.Ct. 1354.
Here, the circumstances surrounding the CPT statement are indistinguishable from those in which courts have deemed a statement testimonial for Confrontation Clause purposes. See, e.g. , State v. Contreras , 979 So.2d 896, 905 (Fla. 2008) (holding videotaped interview with Child Protection Team coordinator at domestic violence victim's shelter when detective was in adjoining room and able to electronically suggest questions to interviewer was testimonial); Hernandez v. State , 946 So.2d 1270, 1282 (Fla. 2d DCA 2007) (holding statements of child abuse victim and parents to nurse who was member of Child Protection Team were testimonial). Further, while it is undisputed that the victim here was deemed unavailable to testify, it is also the case that Appellant had no prior opportunity to depose her. As a result, admission of the CPT statement was error.
Because we find error, we next consider whether this error was harmless. "Violations of the Confrontation Clause, where preserved, are subject to harmless error analysis." Corona v. State , 64 So.3d 1232, 1241 (Fla. 2011) (citing Contreras , 979 So.2d at 911 ). A harmless error analysis requires this Court to "determine whether 'there is a reasonable possibility that the error affected the verdict.' " Id. at 1243 (quoting State v. DiGuilio , 491 So.2d 1129, 1139 (Fla. 1986) ).
Considering the additional evidence presented at trial, including Appellant's confession,[2] we conclude that there is *672 no reasonable possibility that the error in admitting the CPT statement affected the verdict as to counts I-IV and VII; thus, the error is harmless beyond a reasonable doubt as to those counts. See Blanton v. State , 978 So.2d 149 (Fla. 2008) (concluding that admission of child sexual battery victim's testimonial hearsay statement to police violated defendant's constitutional right of confrontation, but error was harmless where victim's accusations were proven through other evidence, thus, statement was merely cumulative). However, as to counts V and VI, we determine that the CPT statement was not cumulative as to specific touching alleged on the specific date charged in those counts. As a result, there is a reasonable possibility that the error affected those verdicts. We affirm the convictions as to counts I-IV and VII and reverse and remand for a new trial on counts V and VI.
AFFIRMED in part, REVERSED in part, and REMANDED.
COHEN, LAMBERT, and SASSO, JJ., concur.

This issue was properly preserved for appellate review. See, e.g. , Corona v. State , 64 So.3d 1232, 1242 (Fla. 2011) (noting Crawford issue is preserved where it is timely raised and ruled on and apprises court of relief sought and basis for relief).

We disagree with Appellant's argument that the trial court erred in admitting his confession. There is sufficient corroborating evidence in the record to support the trial court's finding of trustworthiness. The trial court provided a detailed analysis of why it found the victim's statements sufficiently trustworthy and reiterated it was relying on this in finding Appellant's confession admissible. In addition, the trial court noted it considered the victim's mother's statement and the nature of Appellant's confession.