933 So.2d 1283 (2006)
Dwayne WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1022.
District Court of Appeal of Florida, Second District.
July 28, 2006.
*1284 James Marion Moorman, Public Defender, and Lisa Lott, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
CASE, JAMES R., Associate Judge.
Dwayne Williams appeals his conviction by a jury and sentences for trafficking in cocaine, possession of cannabis, and DUI. He was sentenced to five years' prison for the cocaine conviction and to time served for the other two offenses. We affirm the convictions and sentences for cocaine trafficking and cannabis possession without further comment but reverse the misdemeanor DUI conviction.
Williams' conviction for DUI resulted from the introduction into evidence of a breath test affidavit by a person other than the person who actually administered the test and prepared the affidavit. In Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court overruled the reliability test previously established in Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), for determining the admissibility of testimonial hearsay. In Crawford, the Supreme Court conditioned the admissibility of testimonial hearsay on the unavailability of the declarant and the defendant's prior opportunity to cross-examine. Crawford, 541 U.S. at 68, 124 S.Ct. 1354. Relying on Crawford, this court held in Johnson v. State, 929 So.2d 4 (Fla. 2d DCA 2005), review granted, 924 So.2d 810 (Fla.2006), that an FDLE lab report prepared pursuant to police investigation and offered to establish an element of a crime was testimonial hearsay and inadmissible in the absence of establishing the Crawford conditions. We rejected the State's argument that the report should be admitted under the business record exception to the hearsay rule and certified the question to the Florida Supreme Court, Johnson, 929 So.2d at 8-9; see also Belvin v. State, 922 So.2d 1046 (Fla. 4th DCA), review granted, 928 So.2d 336 (Fla.2006) (holding en banc that the portions of the breath test affidavit pertaining to the technician's procedures and observations constitute testimonial evidence, and were inadmissible under Crawford).
In this case, we decline the State's invitation to recede from our decision in Johnson, and reverse Williams' DUI conviction. Since the issue is substantially similar to that certified in Johnson, we certify the *1285 following question to the supreme court as an issue of great public importance:
DOES ADMISSION OF A BREATH TEST AFFIDAVIT VIOLATE THE CONFRONTATION CLAUSE AND CRAWFORD V. WASHINGTON, 541 U.S. 36 [124 S.Ct. 1354, 158 L.Ed.2d 177] (2004), WHEN THE TECHNICIAN WHO PERFORMED BREATH TEST DOES NOT TESTIFY?
Affirmed in part, reversed in part, and remanded for further proceedings.
SALCINES and LaROSE, JJ., Concur.