933 So.2d 1277 (2006)
Jack SOBOTA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1143.
District Court of Appeal of Florida, Second District.
July 28, 2006.
*1278 Roger D. Futerman and Sean B. Kelly of Roger D. Futerman & Associates, Clearwater, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
FULMER, Chief Judge.
Jack Sobota appeals from his conviction for driving under the influence with serious bodily injury. Because the trial court erred in allowing the State to admit test results from a legal blood draw through a toxicologist who was not involved with the actual testing, we reverse and remand for a new trial.[1]
At trial, the State called Robin Neuenschwanger, a toxicologist at the Pinellas County Forensic Lab. Her position entailed analyzing autopsy specimens for the Medical Examiner's Officer and testing blood samples for the DUI cases in Pinellas and Pasco Counties. Neuenschwanger testified that she worked under Ron Bell, who had been the chief toxicologist and had retired "this past summer."
Citing Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and the Confrontation Clause, the defense objected to Neuenschwanger testifying to the results of blood testing performed by Mr. Bell and reported on both a "Toxicology Report" and a document entitled "Florida Department of Law Enforcement Alcohol Testing Program[,] Blood Alcohol Analyses Affidavit." The defense asserted that the blood test results were testimonial because the blood draw was requested by law enforcement and the blood was analyzed for the purpose of obtaining trial evidence for the prosecution. Further, the defense asserted that Mr. Bell was available to testify and "the State continues to use him in other cases as a witness."
The State took the position that the affidavit was admissible under an exception to the hearsay rule for public records and reports. The trial court ruled the testimony of Neuenschwanger did not violate the Confrontation Clause because the blood test results were nontestimonial and qualified as business records.
Our resolution of the issue presented in this appeal is governed by this court's opinion in Johnson v. State, 929 So.2d 4 (Fla. 2d DCA 2005), review granted, 924 So.2d 810 (Fla.2006). In Johnson, this court discussed Crawford and held that "an FDLE lab report prepared pursuant to police investigation and admitted to establish an element of a crime is testimonial hearsay even if it is admitted as a business record." Id. at 7. This court further concluded that the State did not establish the unavailability of the witness who prepared the lab report. Id. at 8.
Applying Johnson's holding to the present case, we conclude that the blood test results were testimonial hearsay. Because the State did not establish the unavailability of Mr. Bell, admission of the test results violated the Confrontation Clause. As we recognized in Johnson, our holding on this issue presents a question of great public importance. Therefore, we certify to the supreme court the following question, which is substantially similar to the question certified in Johnson:

*1279 DOES ADMISSION OF A TEST RESULT FROM A LEGAL BLOOD DRAW VIOLATE THE CONFRONTATION CLAUSE AND CRAWFORD V. WASHINGTON, 541 U.S. 36 [124 S.Ct. 1354, 158 L.Ed.2d 177] (2004), WHEN THE TOXICOLOGIST WHO PERFORMED THE BLOOD TEST DOES NOT TESTIFY?
Reversed and remanded for a new trial.
DAVIS, J., and FUENTE, WILLIAM, Associate Judge, Concur.
NOTES
[1] We reject without discussion the first issue raised concerning the failure of the State to prove a corpus delicti before admission of Sobota's statements.