982 So.2d 672 (2008)
STATE of Florida, Petitioner,
v.
Lorenzo Cephus JOHNSON a/k/a Lorenzo Ceatus Johnson, etc., Respondent.
No. SC06-86.
Supreme Court of Florida.
May 1, 2008.
*673 Bill McCollum, Attorney General, Tallahassee, FL, and Robert J. Krauss, Assistant Attorney General, Bureau Chief, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, FL, for Petitioner.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Respondent.
QUINCE, J.
This case is before the Court for review of the decision of the Second District Court of Appeal in Johnson v. State, 929 So.2d 4 (Fla. 2nd DCA 2005). In its decision the district court ruled upon the following question, which the court certified to be of great public importance:
DOES THE ADMISSION OF A FLORIDA DEPARTMENT OF LAW ENFORCEMENT LAB REPORT ESTABLISHING THE ILLEGAL NATURE OF SUBSTANCES POSSESSED BY A DEFENDANT VIOLATE THE CONFRONTATION CLAUSE AND CRAWFORD V. WASHINGTON, 541 U.S. 36[, 124 S.Ct. 1354, 158 L.Ed.2d 177] (2004), WHEN THE PERSON WHO PERFORMED THE LAB TEST DID NOT TESTIFY?
Id. at 8-9. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons explained below we approve the decision of the Second District and answer the certified question in the affirmative.

FACTUAL AND PROCEDURAL HISTORY
Lorenzo Cephus Johnson[1] was charged by information with possession of cocaine, introduction of contraband into a detention facility, obstructing or opposing an officer without violence, and possession of cannabis. During his jury trial in June 2004, the State sought to introduce the result of a Florida Department of Law Enforcement (FDLE) lab test performed by Anna Deakin through her supervisor, James Silbert. *674 The lab test was used to establish the illegal nature of the substances Johnson possessed. Johnson objected and argued that the lab report was inadmissible hearsay and that its admission without the presence of the person who prepared the report violated his Sixth Amendment right to confront his accuser. See Johnson v. State, 929 So.2d 4, 6 (Fla. 2nd DCA 2005). The State explained that Deakin was now an employee of the FBI in Virginia and was unavailable. The State telephoned Deakin, who indicated she was willing to fly down the next morning, but the State took the position that it "was an unreasonable expense and inconvenience" to fly her down for the trial. Id. The trial court admitted the lab report as a business record, and Johnson was found guilty on all charges.
On appeal, Johnson argued the admission of the lab report violated his right to confront his accuser. The district court noted that in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court stated, albeit in dicta, "that certain hearsay statements are by their nature nontestimonial  such as business records." Johnson, 929 So.2d at 7 (citing Crawford, 541 U.S. at 56, 124 S.Ct. 1354). However, in examining the FDLE lab report at issue the district court said such a report, although kept in the regular course of business, was by its nature intended to bear witness against an accused. See Johnson, 929 So.2d at 7. Therefore, the court held an FDLE lab report prepared pursuant to police investigation and admitted to establish an element of a crime is testimonial hearsay even if it is admitted as a business record. Id. In so holding the district court relied on Belvin v. State, 922 So.2d 1046 (Fla. 4th DCA 2006), approved, No. SC06-593, ___ So.2d ___, 2008 WL 1901674 (Fla. May 1, 2008), and Shiver v. State, 900 So.2d 615 (Fla. 1st DCA 2005), both of which held breath test affidavits to be testimonial hearsay prepared for use at a trial.
In finding the lab report testimonial hearsay, the district court also analyzed whether the FDLE lab report was admissible under Crawford's two-prong analysis of unavailability of the witness and a prior meaningful opportunity to cross-examine the witness. Because Crawford did not disturb the meaning of unavailability the district court considered pre-Crawford decisions, notably, Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), in addressing the issue. The court found the State must make a good faith showing of attempting to secure a witness and if there is any remote chance, go to reasonable lengths to secure the witness. See Johnson, 929 So.2d at 8 (citing Roberts, 448 U.S. at 74, 100 S.Ct. 2531). In the instant case, the district court found the State did not go to reasonable lengths to procure Deakin's testimony even though she was able and willing to fly down the next day. Thus, Deakin was not unavailable and this part of the Crawford test was not met. Id.
The district court reasoned that because the State did not establish the witness was unavailable, "we need not address whether Johnson had a prior meaningful opportunity to cross-examine her." Johnson, 929 So.2d at 8. The district court compared Blanton v. State, 880 So.2d 798 (Fla. 5th DCA 2004), approved, 978 So.2d 149 (Fla. 2008), with Lopez v. State, 888 So.2d 693 (Fla. 1st DCA 2004), approved, 974 So.2d 340 (Fla.2008), and opined that "[b]ecause Deakin's name did not appear on any discovery the State provided to Johnson, it appears that, exercised or not, Johnson probably had no opportunity even to depose her." Id.
The district court reversed and remanded for a new trial and certified the question to this Court for our review.

*675 DISCUSSION
The State argues the admission of the FDLE lab report did not violate the Confrontation Clause or Crawford. The State contends the lab report is nontestimonial because it documents the lab procedures and scientific criteria that were followed in determining the composition of a substance. The State argues the report is not the type of testimonial statement of an unavailable witness under Crawford that is at the core of the protection of the Confrontation Clause which requires cross-examination of the statements. Conversely, Johnson argues the lab report is testimonial and its admission as a business record violated his right to confront the preparer of the report under the crucible of cross-examination pursuant to Crawford. Johnson contends the lab report was prepared for litigation and is the functional equivalent of an affidavit submitted instead of testimony from a live witness. Thus, it should be considered testimonial. For the reasons explained below, we agree with Johnson.
In order to address the certified question posed to this Court we must first examine the Confrontation Clause as discussed in Crawford and determine whether the FDLE lab report is testimonial. Second, if the report is testimonial, we must determine whether it is admissible under Crawford, that is, we must decide if the witness was unavailable and whether there was a prior opportunity to meaningfully cross-examine the preparer of the report.

Testimonial Statements
The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The United States Supreme Court has held "that this bedrock procedural guarantee applies to both federal and state prosecutions." Crawford, 541 U.S. at 42, 124 S.Ct. 1354 (citing Pointer v. Texas, 380 U.S. 400, 406, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965)). Before Crawford, the standard for determining whether the admission of a hearsay statement against a criminal defendant violated the right of confrontation was controlled by Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). In Roberts, the Supreme Court held that a hearsay statement could be admitted in a criminal trial without violating the right of confrontation if it was shown that the declarant was unavailable and the out-of-court statement bore adequate indicia of reliability. See Roberts, 448 U.S. at 66, 100 S.Ct. 2531. The Supreme Court further held a statement had adequate indicia of reliability if it either fell within a firmly rooted hearsay exception or if it bore "particularized guarantees of trustworthiness." Id.
In Crawford, the Supreme Court dispensed with the reliability analysis set forth in Roberts for testimonial hearsay. The Supreme Court held that testimonial hearsay that is introduced against a defendant violates the Confrontation Clause unless the declarant is unavailable and the defendant had a prior meaningful opportunity to cross-examine that witness. The Supreme Court further reasoned that the text of the Confrontation Clause applied to "`witnesses' against the accused  in other words, those who `bear testimony.'" Crawford, 541 U.S. at 51, 124 S.Ct. 1354 (quoting 2 Noah Webster, An American Dictionary of the English Language (1828)). However, the Court "[left] for another day any effort to spell out a comprehensive definition of `testimonial'" but said, "[w]hatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." Id. at 68, 124 S.Ct 1354. The *676 Supreme Court noted "these are the modern practices with closest kinship to the abuses at which the Confrontation Clause was directed." Id.
The Supreme Court also noted that there are several well established exceptions to the general rule of exclusion of hearsay evidence and said that "[m]ost of the hearsay exceptions covered statements that by their nature were not testimonial  for example, business records." Id. at 56, 124 S.Ct. 1354. The FDLE lab report used in this case was a document that purported to reveal the nature of the substances seized from Johnson, i.e., their composition, quality, and quantity. The report was generated by a chemical analyst in the employ of FDLE and was produced using general procedures regularly conducted by the FDLE labs.
Thus, the primary issue presented here is whether the FDLE lab report is nontestimonial and therefore admissible as a business record under the hearsay rule. Notably, business records are admissible as a hearsay exception. See § 90.803(6), Fla. Stat. (2005).[2] This Court held in Baber v. State, 775 So.2d 258 (Fla.2000), which predates Crawford, that admission of a hospital record as a business record does not violate the Sixth Amendment. In Baber, the defendant was charged with DUI manslaughter. The defendant was seriously injured in the accident and his blood was "tested for alcohol content" on the hospital's chemical analyzer. Baber, 775 So.2d at 259. All the parties agreed this was for the purpose of medical treatment. Id. The State tried to introduce the blood alcohol report through the hospital's medical record custodian "who laid the necessary foundation through the business record hearsay exception." Id. The report was admitted over the defendant's objections.
Relying on Love v. Garcia, 634 So.2d 158 (Fla.1994), this Court held "that a hospital record of a blood test made for medical purposes, which is maintained by the hospital as a medical or business record may be admitted in criminal cases pursuant to the business record exception to the hearsay rule." Baber, 775 So.2d at 263. The record in Baber was produced for the purpose of diagnosis and treatment and not at the behest of law enforcement officers. However, in an abundance of caution and apparent foresight, we emphasized that "defendants must be given a full and fair opportunity to contest the trustworthiness of such records before they are submitted into evidence." Id.
In this case, the lab report in question is from FDLE and not from a hospital where testing is done almost exclusively for medical treatment. Furthermore, as the Second District noted, while a lab report from *677 FDLE is that of a "record kept in the regular course of business" the nature of this report, in comparison to a hospital lab report, is that it is only "intended to bear witness against an accused." Johnson, 929 So.2d at 7.
The Fifth District Court of Appeal dealt with the same issue presented here in Rivera v. State, 917 So.2d 210 (Fla. 5th DCA 2005). The defendant in Rivera was convicted of trafficking in cocaine. On appeal he argued that the trial court erred in introducing an FDLE lab report through the records custodian, pursuant to section 90.803(6), Florida Statutes (2002). Id. at 211. The State called a supervisor of the chemist who actually performed the test to introduce it into evidence. Id. The court noted that the chemist who actually performed the test was unavailable because he was in training to become an FDLE agent. Id. The Fifth District declined to apply Baber in Rivera's case and noted that "extending this exception to a FDLE lab records custodian in a criminal proceeding would threaten Rivera's right under the Confrontation Clause to question the witness to ensure a fair trial." Id. at 212. The court reasoned that the supervisor "under cross-examination, could not have answered questions concerning chain of custody, methods of scientific testing, and analytical procedures regarding the contraband at issue." Id. The district court differentiated between the indicia of reliability of a hospital test conducted on a patient's blood alcohol level for the benefit of the patient's treatment and the State's tests of alleged drug samples to incriminate and convict the accused. Id.
Several district courts of appeal have addressed the issue of the admissibility of lab reports, such as breath test affidavits and blood tests results, under the business record exception to the hearsay rule where the report was admitted without the testimony of the preparer of the record. When confronted with the same issue in Williams v. State, 933 So.2d 1283 (Fla. 2d DCA 2006), and Sobota v. State, 933 So.2d 1277 (Fla. 2d DCA 2006), the Second District applied its holding from Johnson. The court found admission of the reports without the testimony of the preparer violated the Confrontation Clause and reversed and remanded both cases. The court also certified substantially similar questions as the certified question in this case.[3] Similarly, in Martin v. State, 936 So.2d 1190 (Fla. 1st DCA 2006), the First District found the admission of an FDLE lab report over the defendant's objection violated his right to confrontation where the person who performed the test did not testify. The court reasoned that "[a]pplying Crawford, Florida courts have consistently held that records such as the FDLE report before us are testimonial in nature." Martin, 936 So.2d at 1192. In support, the First District cited to Shiver, Belvin, Rivera, Sobota, and the instant case. See id.
While Crawford does not detail the types of business records that are nontestimonial, we find a distinction between records that are prepared as a routine part of a business's operation and records that are prepared and kept at the request of law enforcement agencies and for the purpose *678 of criminal prosecution. An FDLE lab report is prepared pursuant to police investigation and is introduced by the prosecution to establish an element of a charged crime. In the instant drug possession case, the FDLE lab report was used by the State to prove that the seized substances were illegal drugs. The only purpose for the FDLE lab report was in anticipation of prosecution of the defendant on these drug-related offenses. We agree with Johnson that the FDLE lab report in this case is the functional equivalent of an affidavit[4] submitted instead of testimony from a live witness. It was prepared for litigation and written to prove critical elements of the prosecution's case.
Similar "affidavits" prepared for use at trial have been found to be testimonial under Crawford. In Belvin v. State, 922 So.2d 1046 (Fla. 4th DCA 2006), Belvin was charged with DUI when his breath test revealed the presence of alcohol. The test was administered and the affidavit was prepared by the technician but she did not testify at trial. Id. at 1048. Over Belvin's objections that the affidavit was hearsay and there was no opportunity to cross-examine the preparer, the trial court admitted the affidavit. The Fourth District examined the issue under Crawford and phrased the issue as whether breath test affidavits constitute "testimonial hearsay." The Fourth District reasoned that "breath test affidavits are usually generated by law enforcement for use at a later criminal trial . . . [and] [t]hey thus qualify as `statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'" Id. at 1050 (quoting Crawford, 541 U.S. at 52, 124 S.Ct. 1354). The district court held that "those portions of the breath test affidavit pertaining to the breath test technician's procedures and observations in administering the breath test constitute testimonial evidence." Id. at 1054. Further, "[t]heir admission at petitioner's criminal DUI trial violated his right of confrontation under Crawford." Id. We approved the Fourth District's decision in Belvin, finding the admission of "the portions of the breath test affidavit containing the operator's procedures and observations in administering the breath test" violated Belvin's right of confrontation because he had no "prior opportunity to cross-examine the operator." Belvin v. State, No. SC06-593, slip op. at 19, ___ So.2d ___, ___, 2008 WL 1901674 (Fla. May 1, 2008).
Additionally, in Shiver v. State, 900 So.2d 615 (Fla. 1st DCA 2005), a breath test affidavit was admitted at trial, and the First District found parts of the breath test affidavit constituted testimonial hearsay evidence. The court indicated that the affidavit contained statements one would reasonably expect to be used prosecutorially and was made under circumstances which would lead an objective witness to reasonably believe the statements would be available for trial. Id. at 618.
Some of the federal circuits have also considered whether material is testimonial under Crawford because a reasonable person would have anticipated use of the statements at trial. See, e.g., United States v. Cromer, 389 F.3d 662 (6th Cir. 2004) (holding certain statements of a confidential informant (CI) giving the physical description of the defendant accused of drug distribution were testimonial and thus inadmissible under Confrontation *679 Clause unless the CI was unavailable and there was prior opportunity for the defendant to cross-examine him); United States v. Saget, 377 F.3d 223 (2nd Cir.2004) (reasoning that Crawford suggests that the determinative factor in deciding whether a declarant bears testimony is the declarant's awareness or expectation that his or her statements may later be used at trial).[5]
In Minnesota, a defendant charged with possession of a controlled substance challenged his conviction where the law enforcement lab report identifying the substance seized as cocaine was introduced at trial without the testimony of the analyst who prepared the report. See State v. Caulfield, 722 N.W.2d 304 (Minn.2006). The Minnesota Supreme Court found the report was testimonial under Crawford because "[t]he report conforms to the types of statements about which the Court in Crawford expressed concerns  affidavits and similar documents admitted in lieu of present testimony at trial." Id. at 309 (citing Crawford, 541 U.S. at 43, 124 S.Ct. 1354). The court reasoned the report was "clearly prepared for litigation" and "introduced by the state at trial for the purpose of proving beyond a reasonable doubt that the substance was cocaine." Id.
In Missouri, a defendant charged with drug trafficking challenged his conviction where the crime laboratory report identifying the substance seized as cocaine was introduced at trial through the records custodian instead of the analyst who conducted the analysis. See State v. March, 216 S.W.3d 663 (Mo.2007). The Missouri Supreme Court found "[u]nder the definitions of `testimony' and `testimonial' in Crawford, as well as the `primary purpose' test in Davis, it is clear that the laboratory report in this case constituted a `core' testimonial statement subject to the requirements of the Confrontation Clause." Id. at 666. The court held "[a] laboratory report, like this one, that was prepared solely for prosecution to prove an element of the crime charged is `testimonial' because it bears all the characteristics of an ex parte affidavit." Id. Thus, the court held the report "may not be admitted without *680 the testimony of its preparer unless the witness is unavailable and there was a prior opportunity to cross examine." Id. at 667.
Other state courts have concluded that similar materials prepared for use in criminal cases are testimonial under Crawford. See City of Las Vegas v. Walsh, 121 Nev. 899, 124 P.3d 203 (2005) (holding affidavits pursuant to state statute were testimonial statements and their admission, in lieu of live testimony, would violate the Confrontation Clause); People v. Lonsby, 268 Mich.App. 375, 707 N.W.2d 610 (2005) (finding forensic expert's disputed testimony based on report made by subordinate and offered into evidence was hearsay and not admissible under any exception); Napier v. State, 820 N.E.2d 144 (Ind.Ct.App. 2005) (holding State's failure to present any "live testimony" at trial from the officer who conducted breath tests ran afoul of the Confrontation Clause in light of Crawford); People v. Rogers, 8 A.D.3d 888, 780 N.Y.S.2d 393 (2004) (finding results from a blood test on alcohol level initiated by the prosecution, although performed by a private lab, were testimonial and admission without the ability to cross-examine the report's preparer was a violation of defendant's rights under the Confrontation Clause).
Conversely, other states have also addressed this issue and found the lab reports admissible. In Commonwealth v. Verde, 444 Mass. 279, 827 N.E.2d 701 (2005), the Massachusetts Supreme Court addressed the issue of whether the Confrontation Clause, in light of Crawford, requires that laboratory technicians who analyze drugs seized as part of a criminal investigation authenticate their laboratory findings by appearing at a defendant's trial. Id. at 703. That court concluded that "a drug certificate is akin to a business record and the confrontation clause is not implicated by this type of evidence." Id. The court reasoned that "[c]ertificates of chemical analysis are neither discretionary nor based on opinion; rather, they merely state the results of a well-recognized scientific test determining the composition and quantity of the substance." Id. at 705. Thus, the "drug certificates are well within the public records exception to the confrontation clause." Id.
Similarly, in People v. Brown, 9 Misc.3d 420, 801 N.Y.S.2d 709 (N.Y.App.Div.2005), a New York court addressed an issue of first impression whether a lab technician's notes and records were testimonial and thus in violation of the Confrontation Clause when admitted as business records without the technician's testimony. That court reasoned that other New York cases which found similar reports to be testimonial and thus inadmissible without the testimony of the preparer were different because the other reports were prepared solely for litigation. Id. at 712. The court looked to other courts and cases for guidance and held the DNA testing records in this case were "not the type of testimonial evidence the Supreme Court in Crawford intended to exclude." Id. at 713.
We agree with those states that find lab reports and similar materials, when prepared for criminal trials, to be testimonial statements and that their admission without the preparer's testimony runs afoul of Crawford and the Confrontation Clause. The district courts in Rivera, Williams, Sobota, and Martin followed this reasoning. In the instant case, the trial court erred in admitting the FDLE lab report under the business record exception when the person who performed the lab test did not testify. The district court properly held that the report, while admittedly a business record, was clearly prepared in anticipation of trial and meant to establish an element of the crime. Such an "accusatory" *681 document should only be admissible where the preparer is unavailable and the defendant had a prior opportunity to cross-examine.

Crawford Analysis
Because the FDLE lab report is testimonial, its admissibility depends on the Crawford requirements of the unavailability of the declarant and a prior opportunity to cross-examine the declarant. In order for a witness to be unavailable for confrontation purposes, the State must make a good faith showing of attempting to secure the witness. This includes going to reasonable lengths to procure the witness. See Roberts, 448 U.S. at 74, 100 S.Ct. 2531. In this case, the record reflects the State contacted Deakin during a court recess. Despite Deakin's willingness to fly down the next day to testify, the State was hesitant to spend the resources to do so. Instead, the State elected to proceed without Deakin, under the trial court's suggestion. The State, under these circumstances, did not show that Deakin was unavailable to testify at trial. Therefore, the unavailability of the witness prong of the Crawford analysis has not been satisfied and admission of the lab report via testimony from Deakin's supervisor was in violation of Johnson's Sixth Amendment right to confront the witness. Because the State failed to prove unavailability, there is no need to address whether Johnson had a prior meaningful opportunity to cross-examine Deakin.[6]

CONCLUSION
For the reasons stated, we approve the decision of the Second District Court of Appeal and answer the certified question in the affirmative. The FDLE lab report was prepared for the sole purpose of litigation to prove an essential element of the crime charged. The admission of the FDLE lab report without the live testimony of the technician was in violation of the Confrontation Clause and Crawford.
It is so ordered.
LEWIS, C.J., and ANSTEAD, PARIENTE, and CANTERO, JJ., concur.
WELLS, J., dissents with an opinion, in which BELL, J., concurs.
WELLS, J., dissenting.
I dissent based on my analysis in State v. Belvin, No. SC06-593, ___ So.2d ___, 2008 WL 1901674 (Fla. May 1, 2008), in respect to whether the lab report is testimonial. I would adopt the analysis of the California Supreme Court in People v. Geier, 41 Cal.4th 555, 61 Cal.Rptr.3d 580, 161 P.3d 104 (2007).
BELL, J., concurs.
NOTES
[1] Evidently, the defendant is also known by the name Lorenzo Ceatus Johnson.
[2] Section 90.803, Florida Statutes, is entitled: "Hearsay exceptions; availability of declarant immaterial." It addresses admissible evidence, even though the declarant is available as a witness. Specifically section 90.803(6) is entitled: "Records of regularly conducted business activity," and reads in full as follows:

(a) A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the customary custodian or other qualified witness, or as shown by a certification or declaration that complies with paragraph (c) and s. 90.902(11), unless the sources of information or other circumstances show lack of trustworthiness. The term "business" as used in this paragraph includes a business, institution, association, profession, occupation, and calling of very kind, whether or not conducted for profit.
[3] In Williams, the Second District certified the following question to this Court: "Does admission of a breath test affidavit violate the Confrontation Clause and Crawford v. Washington, when the technician who performed breath test does not testify?" Williams, 933 So.2d at 1285 (citation omitted).

In Sobota, the court certified the following question to this Court: "Does admission of a test result from a legal blood draw violate the Confrontation Clause and Crawford v. Washington, when the toxicologist who performed the blood test does not testify?" Sobota, 933 So.2d at 1279 (citation omitted).
[4] An affidavit is defined as "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public." Black's Law Dictionary 62 (8th ed.2004).
[5] In Davis v. Washington, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), the United States Supreme Court addressed two cases that involved statements made to police under different circumstances. In Davis, the victim made a 911 call during a domestic dispute which was later admitted at trial. The Supreme Court addressed the issue of whether the interrogation that took place in the course of the 911 call produced testimonial statements. Id. at 826, 126 S.Ct. 2266. The Supreme Court found the victim's call "was plainly a call for help against bona fide physical threat," and "the elicited statements were necessary to be able to resolve the present emergency, rather than simply to learn (as in Crawford) what had happened in the past." Id. The Supreme Court held the victim "simply was not acting as a witness; she was not testifying" and therefore the statements were not testimonial. Id. at 828, 126 S.Ct. 2266.

In the companion case of Hammon v. Indiana, the police responded to a domestic disturbance call and found the female victim on the front porch where she appeared "somewhat frightened," but told the officer "nothing was the matter." Davis, 547 U.S. at 819, 126 S.Ct. 2266. The officers found a male in the kitchen and upon further investigation when the two were questioned in separate rooms, the female victim relayed to the officer the battery that occurred and "fill[ed] out and sign[ed] a battery affidavit." Id. at 820, 126 S.Ct. 2266. The victim did not appear at trial and over defense objection her affidavit was admitted at trial as a "present sense impression" and her statements as "excited utterances." Id. The Supreme Court found "[t]here was no emergency in progress," and the "primary, if not the sole, purpose of the interrogation was to investigate a possible crime." Id. at 829-30, 126 S.Ct. 2266. The Supreme Court found "[s]uch statements under official interrogation are an obvious substitute for live testimony, because they do precisely what a witness does on direct examination; they are inherently testimonial." Id. at 830, 126 S.Ct. 2266.
[6] We note that the State makes the same argument that it made in Blanton v. State, 880 So.2d 798 (Fla. 5th DCA 2004), and Lopez v. State, 888 So.2d 693 (Fla. 1st DCA 2004), i.e., that the availability of discovery depositions under Florida Rule of Criminal Procedure 3.220 provides a prior opportunity to cross-examine the declarant. In Blanton, the Fifth District held that the availability of the opportunity to depose the witness satisfied the Crawford requirements. The First District reached the opposite conclusion in Lopez. We have resolved the conflicting holdings in these cases and concluded that the opportunity to depose a declarant under rule 3.220 does not satisfy the opportunity for cross-examination required by the Confrontation Clause. See State v. Lopez, 974 So.2d 340 (Fla.2008); Blanton v. State, 978 So.2d 149 (Fla.2008).