CASANUEVA, Chief Judge.
 

 The State of Florida petitions this court for a writ of certiorari quashing the trial court’s pretrial order excluding certain test results from evidence, as well as its subsequent order denying the State’s motion for rehearing. Although the trial court departed from the essential requirements of law, we dismiss the petition because the State failed to allege or prove that the error resulted in a miscarriage of justice.
 

 Facts and Procedural History
 

 The State charged Torry M. Jones with sexual offenses against a child victim. At some point, urinalyses were undertaken on samples from Mr. Jones and the alleged victim. The defense filed a motion in li-mine to exclude any mention of the tests or their results from evidence, claiming that there was no chain of custody in place on the urine samples and that introduction of the test results without the testimony of those who created the results violated Mr. Jones’s constitutional right to confrontation.
 
 See Crawford v. Washington,
 
 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
 

 The trial court held a hearing on the motion. Defense counsel argued that each of the two nurses who collected the urine samples had told him that “we don’t do chain of custody on urine samples.” He further argued that the identities of the lab technicians who tested the urine and created the reports were unknown and, therefore, the State could not introduce the reports. No witnesses testified; no documents were introduced into evidence. Without the introduction of any evidence, the trial court granted the motion on both bases. The State filed a motion for rehearing which was denied.
 

 Standard of Review
 

 The Supreme Court of Florida has held that “if the requirements permitting certiorari jurisdiction otherwise exist, a pre-trial order excluding evidence which has the effect of substantially impairing the ability of the state to prosecute its case is subject to certiorari review.”
 
 State v. Pettis,
 
 520 So.2d 250, 253 (Fla.1988) (quoting
 
 State v. Stein-brecher,
 
 409 So.2d 510, 511 (Fla. 3d DCA 1982)); Although a pretrial order may qualify for certiorari, the writ should be issued only when “there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.”
 
 Id.
 
 at 254 (quoting
 
 Combs v. State,
 
 436 So.2d 93, 96 (Fla.1983)).
 

 State v. Davis,
 
 857 So.2d 349, 350 (Fla. 2d DCA 2003). In other words, “[t]o obtain common law certiorari relief, a petitioner must show that there has been a departure from the essential requirements of law that causes material and irreparable harm.”
 
 Gonzalez v. State,
 
 15 So.3d 37, 39 (Fla. 2d DCA 2009).
 

 Analysis
 

 The State contends that the trial court erred in granting the defense’s mo
 
 *622
 
 tion in limine without any evidence presented. Regarding the chain of custody issues, the State asserts that exclusion of evidence based solely upon an alleged break in the chain of custody, without evidence of a probability of tampering, was a departure from the essential requirements of law.
 

 “[R]elevant physical evidence is admissible unless there is an indication of probable tampering.”
 
 Peek v. State,
 
 395 So.2d 492, 495 (Fla.1980);
 
 see also Dodd v. State,
 
 537 So.2d 626 (Fla. 3d DCA 1988). In seeking to exclude certain evidence, [the movant] bears the initial burden of demonstrating the probability of tampering. Once this burden has been met, the burden shifts to the proponent of the evidence to submit evidence that tampering did not occur.
 

 Murray v. State,
 
 838 So.2d 1073, 1082 (Fla.2002) (footnotes omitted). “A mere break in the chain of custody is not in and of itself a basis for exclusion of physical evidence. Rather, the court should consider the probability that the evidence has been tampered with during the interim for which it is unaccounted.”
 
 Bush v. State,
 
 543 So.2d 283, 284 (Fla. 2d DCA 1989).
 

 Mr. Jones presented no evidence demonstrating a probability of tampering and made no argument suggesting a tampering problem exists. As the movant, Mr. Jones unquestionably failed to satisfy his burden of proof. Consequently, the trial court departed from the essential requirements of law by granting the motion without any evidence to support Mr. Jones’s argument.
 

 In response to the State’s petition, Mr. Jones asserts that this court should deny the petition for writ of certiorari regardless because introduction of the lab reports would violate his constitutional right to confrontation. In
 
 Crawford,
 
 the U.S. Supreme Court held that “[testimonial statements of witnesses absent from trial [may be] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine.” 541 U.S. at 59, 124 S.Ct. 1354. The Court specifically declined to “spell out a comprehensive definition of ‘testimonial.’ ”
 
 Id.
 
 at 1374. The Florida Supreme Court, applying
 
 Crawford
 
 to a Florida Department of Law Enforcement (FDLE) lab report “used to establish the illegal nature of the substances [a defendant] possessed,” addressed whether that report was “testimonial” in nature as to invoke the Confrontation Clause.
 
 State v. Johnson,
 
 982 So.2d 672, 673 (Fla.2008). The court found “lab reports and similar materials,
 
 when prepared for criminal trials,
 
 to be testimonial statements.”
 
 Id.
 
 at 680 (emphasis added). The court distinguished its holding from other cases where the “testing [was] done almost exclusively for medical treatment” because the FDLE report was
 
 “only
 
 ‘intended to bear witness against an accused.’ ”
 
 Id.
 
 at 676, 677 (quoting
 
 Johnson v. State,
 
 929 So.2d 4, 7 (Fla. 2d DCA 2005)).
 

 Thus, the reason behind a medical test determines whether the written document containing the results of that test is testimonial in nature and triggers a defendant’s constitutional right to confrontation. Although Mr. Jones’s counsel argued that the urinalyses were ordered for prosecutorial purposes rather than for medical reasons, again he provided no evidence to support his assertion. A trial court may not rely on argument by counsel to make factual determinations.
 
 Ordonez v. State,
 
 862 So.2d 927, 930 (Fla. 2d DCA 2004);
 
 see also State v. Thompson,
 
 852 So.2d 877, 878 (Fla. 2d DCA 2003) (holding that argument of counsel is not evidence);
 
 DiSarrio v. Mills,
 
 711 So.2d 1355, 1357 (Fla. 2d DCA 1998) (“Argument by counsel who is not under oath is not evidence.”). Without any evidence to support the assertion that the urinalyses were for prosecu-torial purposes rather than for medical
 
 *623
 
 reasons, the trial court departed from the essential requirements of law in finding that introduction of the test results would violate
 
 Crawford.
 

 Although we are convinced by the State’s argument regarding the trial court’s departure from the essential requirements of law, the State makes no comment on the second prong necessary for certiorari relief: irreparable harm.
 
 Gonzalez,
 
 15 So.3d at 39. The petition discusses the trial court’s legal error without specifying the harm suffered or explaining how that harm is irreparable. Further, the petition does not address whether or how the legal error “substantially impair[ed] the ability of the state to prosecute its case.”
 
 State v. Pettis,
 
 520 So.2d 250, 253 (Fla.1988) (quoting
 
 State v. Steinbrecher,
 
 409 So.2d 510, 511 (Fla. 3d DCA 1982));
 
 see also State v. Sealy-Doe,
 
 861 So.2d 530, 531 (Fla. 4th DCA 2003) (dismissing the State’s petition for writ of certiorari because the challenged ruling did not “substantially impair the state’s ability to bring its case”);
 
 State v. Storer,
 
 920 So.2d 754, 759 (Fla. 2d DCA 2006) (denying certiorari in part because “[t]he order that the State challenges in this ease does not prevent the State from presenting all of the evidence necessary to prove its case”). Without the requisite allegation of irreparable harm, this court has no jurisdiction to grant relief.
 
 See DeLoach v. Aird,
 
 989 So.2d 652, 654 (Fla. 2d DCA 2007) (dismissing petition for writ of cer-tiorari for lack of jurisdiction when the petitioner’s alleged harm was not sufficiently burdensome to invoke certiorari jurisdiction).
 

 Petition for writ of certiorari dismissed.
 

 KELLY and KHOUZAM, JJ., Concur.