KHOUZAM, Judge.
 

 Alexander Crain seeks certiorari review of the circuit court’s order denying his motion to receive confidential mental health counseling from a privately retained psychologist without it counting as a “visit” for purposes of the county jail’s internal policy allowing prisoners only two visits per week. Because the circuit court did not depart from the essential requirements of the law, we deny Crain’s petition.
 

 Crain — who is fifteen years old — was charged as an adult with manslaughter for allegedly killing his parents. His trial is scheduled to begin on April 23, 2012. He was initially held in a juvenile detention facility but is currently being held in jail. In the detention center, Crain was being treated by a psychologist privately retained by his family. In jail, the sessions with his private psychologist count as visits, and he is allowed only two visits per week.
 

 Crain’s counsel requested that Crain be permitted to meet with the psychologist
 
 *1085
 
 without the sessions counting as visits, but the jail personnel denied the request. Crain’s counsel then filed a motion in circuit court requesting that the psychologist be allowed to provide Crain treatment in jail. Both the Sheriff and Prison Health Services (PHS) — which has contracted with the Sheriff to provide mental health services in the jail — opposed Crain’s motion. Following a hearing, the circuit court denied Crain’s motion. Crain now seeks certiorari review of the circuit court’s order.
 

 To prevail in a certiorari proceeding, “ ‘a petitioner must show that there has been a departure from the essential requirements of law that causes material and irreparable harm.’ ”
 
 State v. Jones,
 
 30 So.3d 619, 621 (Fla. 2d DCA 2010) (quoting
 
 Gonzalez v. State,
 
 15 So.3d 37, 39 (Fla. 2d DCA 2009)). Here, Crain argues that the circuit court departed from the essential requirements of law by failing to grant him relief. He claims that he is being deprived of confidential mental health treatment because a session with the psychologist of his choice counts as a visit and he is limited to two visits per week. The crux of his argument is that the mental health treatment provided by jail staff is not confidential.
 

 But the contract between PHS and the Sheriff provides that PHS must maintain patient confidentiality according to applicable law:
 

 Medical Records. PHS will cause to be maintained a medical record for each inmate who has received health care services. This medical record will be maintained pursuant to applicable law and will be kept separate from the inmate’s confinement record. A copy of the appropriate medical record will be available to accompany an inmate who is transferred from the Facilities to another location for off site services. Medical records will be kept confidential and PHS will follow CCSO policy with regard to access by inmates and Facilities staff to medical records, subject to applicable law regarding confidentiality of such records. No information contained in the medical records will be released by PHS except as provided by CCSO policy, by request of the Sheriff or his designee, by a court order, or otherwise in accordance with applicable law. PHS will insure that inmate medical confidentiality policies meet all requirements of the Health Insurance Portability and Accountability Act of 1996 (HIPAA). All inmate records are and shall remain the property of CCSO.
 

 Section 90.508, Florida Statutes (2011), recognizes a psychotherapist-patient privilege and carves out three exceptions— none of which apply here. So Crain does have access to confidential mental health care in jail. And because he already has access to confidential treatment, the circuit court did not depart from the essential requirements of the law by denying his request for additional mental health treatment by his personal psychologist. Accordingly, we deny Crain’s petition for writ of certiorari.
 

 Denied.
 

 DAVIS and KELLY, JJ., Concur.