NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No.  2D16-3872
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
WILLIAM CRUMBLEY,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀)
_____)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF FLORIDA,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No.  2D16-3875
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
TOSHA JO ROBBINS,⠀⠀⠀⠀⠀)⠀⠀⠀⠀CONSOLIDATED
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀)
_____)

Opinion filed May 23, 2018.

Appeals from the Circuit Court for Pasco
County; Linda H. Babb, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Dawn A. Tiffin, Assistant
Attorney General, Tampa, for Appellant.

A.R. Mander, III and Keeley R. Karatinos of
Mander Law Group, Dade City, for
Appellee William Crumbley.

Christopher E. Cosden, Fort Myers, for
Appellee Tosha Jo Robbins.

LaROSE, Chief Judge.

In this consolidated appeal, the State seeks review of the trial court's order dismissing the informations. We have jurisdiction. See Fla. R. App. P. 9.140(c)(1)(A). Section 458.3265, Florida Statutes (2010 and 2011), criminalizes the operation of a pain management clinic without a license. The trial court found the statute unconstitutionally vague. We reverse and remand for further proceedings.

**Background**

Harbour Medical Group was founded in 2009. Following an investigation, the Pasco County Sheriff's Office executed a search warrant for Harbour Medical in late 2011. A few months later, law enforcement officers arrested Dr. William Crumbley, a physician at Harbour Medical since its founding. They also arrested Tosha Jo Robbins, who had served as Harbour Medical's office manager for approximately two years.

Each made incriminating statements. Dr. Crumbley's arrest affidavit reflects that he told a detective that "he knew he was participating in the operation [of] a pain management clinic without a license." Ms. Robbins' arrest affidavit indicates that she "admitted the Harbour Medical Group was acting as a pain management clinic, but denied knowing they had no license to act as such."

The State charged Dr. Crumbley and Ms. Robbins,[1] in separate cases, with one count each of violating section 458.3265,[2] a third-degree felony. The charged

---

[1]The State also charged Ronald York, the owner of Harbour Medical Group, with violating section 458.3265. Mr. York is deceased.

[2]Section 458.3265 requires the registration of pain management clinics. Section 458.327(1)(e) criminalizes the knowing operation, ownership, or management of a nonregistered clinic.

conduct occurred "on or between" October 14, 2010, and December 13, 2011. Thus, the offenses implicate the 2010 version of the statute and the amended 2011 version. See ch. 2010-211, §§ 4, 14, at 2632-38, 2649, Laws of Fla. (making October 1, 2010, the effective date of section 458.3265); ch. 2011-141, §§ 4, 31, at 2198-2207, 2247, Laws of Fla. (amending section 458.3265 effective July 1, 2011).

Dr. Crumbley and Ms. Robbins moved to dismiss the informations. They claimed that the 2010 and 2011 versions of section 458.3265 were unconstitutionally vague, both facially and as-applied. After hearing argument of counsel, the trial court granted the motions in a written order. The trial court took no testimony, received no evidence, and made no factual findings.

The 2010 version of section 458.3265 required registration of "[a]ll privately owned pain-management clinics, facilities, or offices, hereinafter referred to as 'clinics,' which advertise in any medium for any type of pain-management services, or employ a physician who is primarily engaged in the treatment of pain by prescribing or dispensing controlled substance medications." § 458.3265(1)(a), Fla. Stat. (2010).

The trial court found this provision unconstitutionally vague because it failed to define the terms "primarily" and "pain." The trial court noted the "fact that physicians engage in the treatment of injuries and diseases . . . which involve some degree of pain." The trial court stressed that the provision lacked normative standards and "cast[] its net so broadly as to require doing an act in terms so vague that men and women of common intelligence must necessarily guess at its meaning and differ as to its application."

The legislature amended the statute in 2011, defining a "pain-management clinic" as a facility "[w]here in any month a majority of patients are

- 3 -

prescribed opioids, benzodiazepines, barbiturates, or carisoprodol for the treatment of chronic nonmalignant pain." § 458.3265(1)(a)(1)(b)(II), Fla. Stat. (2011). The trial court concluded that, as amended, the statute "still fails to give a person of ordinary intelligence fair notice of what constitutes forbidden conduct." The trial court observed that "[t]he wording of the statute requires that a clinic must register as a pain management clinic when in any 30 day period a majority of its patients are prescribed controlled substance medications for the treatment of chronic non-malignant pain."

The trial court found both versions of section 458.3265 unconstitutionally vague because they "fail to provide an objective guideline and standard for determining when a medical facility develops into a 'pain-management clinic' requiring registration," do not identify who is responsible for registering the medical facility, and do not address "the amount of time a facility has to register . . . after the registration requirement is triggered."

The State argues on appeal that neither version of the statute is "so vague as to fail to give a reasonable person notice of the prohibited conduct." The State relies on the admissions reflected in the arrest affidavits. Dr. Crumbley and Ms. Robbins dispute the contents of the affidavits given the absence of testimony at the motion to dismiss hearing. They also challenge the affidavits as hearsay.

They further assert that both versions of section 458.3265 are unconstitutionally vague because they fail to: (1) "provide practicable means to determine when a facility becomes a 'pain-management clinic' thereby triggering the need for registration," (2) "address who is required to submit registration paperwork," and (3) "address the time period in which a pain-management clinic must register" after triggering the need for registration.

- 4 -

## Analysis

We review a trial court's order concerning a statute's constitutionality de novo. See State v. Catalano, 104 So. 3d 1069, 1075 (Fla. 2012) ("A court's decision regarding the constitutionality of a statute is reviewed de novo as it presents a pure question of law."). "Statutes enjoy a strong presumption in favor of constitutionality and courts are obligated to construe statutes to avoid declaring them unconstitutional." Wegner v. State, 928 So. 2d 436, 438 (Fla. 2d DCA 2006) (citations omitted). Yet, "in a vagueness challenge, any doubt as to a statute's validity should be resolved in favor of the citizen and against the State." DuFresne v. State, 826 So. 2d 272, 274 (Fla. 2002).

"The vagueness doctrine . . . was developed to ensure compliance with the Due Process Clause in the Fifth Amendment of the United States Constitution." Simmons v. State, 944 So. 2d 317, 324 (Fla. 2006). The Florida Constitution, too, guarantees that "[n]o person shall be deprived of life, liberty[,] or property without due process of law." Art. I, § 9, Fla. Const. The "void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983). "Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." United States v. Nat'l Dairy Prods. Corp., 372 U.S. 29, 32-33 (1963).

Notice is the touchstone by which we evaluate a vagueness challenge. See Wyche v. State, 619 So. 2d 231, 236 (Fla. 1993) ("A statute or ordinance is void for vagueness when, because of its imprecision, it fails to give adequate notice of what conduct is prohibited. Thus, it invites arbitrary and discriminatory enforcement."). "The

- 5 -

standard for testing vagueness under Florida law is whether the statute gives a person of ordinary intelligence fair notice of what constitutes forbidden conduct." Brown v. State, 629 So. 2d 841, 842 (Fla. 1994) (citing Papachristou v. City of Jacksonville, 405 U.S. 156, 162 (1972)); see also Se. Fisheries Ass'n v. Dep't of Nat. Res., 453 So. 2d 1351, 1353 (Fla. 1984) ("A vague statute is one that fails to give adequate notice of what conduct is prohibited . . . ."). "The language of a statute must 'provide a definite warning of what conduct' is required or prohibited, 'measured by common understanding and practice.' " Warren v. State, 572 So. 2d 1376, 1377 (Fla. 1991) (quoting State v. Bussey, 463 So. 2d 1141, 1144 (Fla. 1985)).

Innumerable cases address vagueness. Reluctantly, we conclude that the trial court's abstract constitutional analysis incorrectly informed its vagueness decision. Without evidence before it, the trial court concluded that both versions of section 458.3265 were unconstitutionally vague. Quite simply, the trial court conflated the as-applied and facial vagueness challenges, addressing them as one and the same. This was error.

Beyond cavil, vagueness challenges to statutes that do not implicate First Amendment freedoms "must be examined in the light of the facts of the case at hand." United States v. Mazurie, 419 U.S. 544, 550 (1975); see also State v. Barnes, 686 So. 2d 633, 636 (Fla. 2d DCA 1996) ("We begin our analysis by emphasizing that we are confronted with a constitutional vagueness challenge to a criminal statute in which First Amendment interests are not implicated. We must, therefore, examine this challenge in light of the facts before us and judge the constitutionality of the statute on an as-applied basis . . . ." (footnote omitted)); Jones v. Williams Pawn & Gun, Inc., 800 So. 2d 267, 270-71 (Fla. 4th DCA 2001) ("The traditional rule is that 'a person to whom a statute

may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court. If the record demonstrates that the [defendant] engaged in some conduct clearly proscribed by the plain and ordinary meaning of the statute, then he cannot successfully challenge it for vagueness nor complain of its vagueness as applied to the hypothetical conduct of others.' Thus, the instant vagueness claim must be examined in light of the facts pertinent to this case before analyzing other hypothetical applications of the law." (alteration in original) (quoting Sieniarecki v. State, 756 So. 2d 68, 74-75 (Fla. 2000))); Rice v. State, 754 So. 2d 881, 884 (Fla. 5th DCA 2000) ("A challenge to a statute on grounds of vagueness turns initially to the nature of the behavior the statute seeks to regulate. . . . [I]f the statute purports to regulate constitutionally protected conduct, such as speech or assembly, the statute must be examined in the abstract in order to analyze a vagueness claim."); Travis v. State, 700 So. 2d 104, 105 (Fla. 1st DCA 1997) ("Contrary to the defendant's argument, the court may properly consider the facts of the case in determining the facial validity of the statute. It is true that a claim of vagueness must be evaluated by an examination of the statute in the abstract if the statute is one that purports to regulate constitutionally protected activity such as speech or assembly.").

No party maintains that section 458.3265 regulates constitutionally protected activity. Consequently, the trial court should have evaluated the vagueness challenge based upon the facts of the case. See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982) (stating that when analyzing a vagueness challenge, a court should "examine the complainant's conduct before analyzing other hypothetical applications of the law"). After all, "[a] facial challenge to a

- 7 -

statute is more difficult than an 'as applied' challenge, because the challenger must establish that no set of circumstances exists under which the statute would be valid." Cashatt v. State, 873 So. 2d 430, 434 (Fla. 1st DCA 2004). The trial court failed to engage in this case-specific factual analysis. See Morton v. State, 988 So. 2d 698, 702 (Fla. 1st DCA 2008) ("Our constitutional analysis begins with the facts of this case, because a statute cannot logically be vague in all applications if it is not vague as applied to the actual facts." (citing Travis, 700 So. 2d at 106)).

"[O]ur principal focus is whether the appellee established below that the statute 'is so vague and lacking in ascertainable standards of guilt that, as applied [to him], it failed to give 'a person of ordinary intelligence fair notice that his contemplated conduct is forbidden . . . .' " Barnes, 686 So. 2d at 636 (alteration in original) (emphasis added) (quoting Palmer v. City of Euclid, 402 U.S. 544, 545 (1971)). A vagueness analysis based upon the facts of the case at hand presupposes that there are facts upon which the trial court relied in rendering its decision. Based upon our record, we conclude that the order on appeal is not fact-driven. Cf. Jones, 800 So. 2d at 270 ("Prior to ruling on the issue, the parties advised the court that all issues in the case had been resolved, except as to whether section 790.17 was unconstitutionally vague as applied to the facts of the case."). Although the trial court represented in the dismissal order that it "has an extensive history with this case and is familiar with its procedural and factual posture," the trial court made no findings of fact, received no evidence, and, as a result, could not apply the body of vagueness case law to the facts of the case. See, e.g., State v. Carrier, 43 Fla. L. Weekly D559, D562 (Fla. 2d DCA Mar. 9, 2018) ("[W]e note that an as-applied analysis would be difficult on the record currently before us when the facts have not been sufficiently developed.").

Even a cursory review of the record reflects that from the start of the motion hearing, the parties argued abstractly for or against the statutes' constitutionality. But argument, alone, cannot sustain an as-applied challenge. "A trial court may not rely on argument by counsel to make factual determinations." State v. Jones, 30 So. 3d 619, 622 (Fla. 2d DCA 2010) (first citing Ordonez v. State, 862 So. 2d 927, 930 (Fla. 2d DCA 2004); then citing State v. Thompson, 852 So. 2d 877, 878 (Fla. 2d DCA 2003) (holding that argument of counsel is not evidence); and then citing DiSarrio v. Mills, 711 So. 2d 1355, 1357 (Fla. 2d DCA 1998) ("Argument by counsel who is not under oath is not evidence.")). This is particularly true where neither the parties nor the trial court delved into the facts underlying the charged conduct.

The trial court's failure to take evidence or make factual findings is critical in light of the record before us. For instance, the parties dispute the accuracy of the arrest affidavits. As it stands, the content of the affidavits is hearsay. See Burgess v. State, 831 So. 2d 137, 140 (Fla. 2002) (stating that information contained in a police report is hearsay and inadmissible in an adversary criminal proceeding). "A police report or criminal arrest affidavit is not admissible into evidence as a public record exception to the hearsay rule because that exception expressly excludes 'in criminal cases matters observed by a police officer or other law enforcement personnel.' " Id. (quoting § 90.803(8), Fla. Stat. (1999)).

However, the incriminating statements themselves may be admissible as a statement against interest, one of several hearsay exceptions. See, e.g., § 90.804(2)(c), Fla. Stat. (2010) ("A statement which, at the time of its making, was so far contrary to the declarant's pecuniary or proprietary interest or tended to subject the declarant to liability or to render invalid a claim by the declarant against another, so that

- 9 -

a person in the declarant's position would not have made the statement unless he or she believed it to be true.").  These statements may well have been admissible if supported by the testimony of the arresting detective.  They could have played a critical role in the trial court's analysis.

Unfortunately, we are asked to make a constitutional determination based upon a record with a paucity of facts.  We cannot fill that gap.  See Farneth v. State, 945 So. 2d 614, 617 (Fla. 2d DCA 2006) ("A fundamental principle of appellate procedure is that an appellate court is not empowered to make findings of fact.").

### Conclusion

Because the trial court's order dismissing the informations lacks findings of fact and failed to apply the law to those facts at hand, we must reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.


VILLANTI and LUCAS, JJ., Concur.