DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JACOB BICKEL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D20-1394

_____

September 17, 2021

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Polk County; Keith P. Spoto, Judge.

Jacob Bickel, pro se.

Ashley Moody, Attorney General, Tallahassee, for Appellee.

SLEET, Judge.

Jacob Bickel challenges the postconviction court's order summarily denying his Florida Rule of Criminal Procedure 3.850 motion. In 2017, Bickel entered negotiated guilty pleas to traveling

to meet a minor and attempted lewd or lascivious battery and was sentenced pursuant to agreement to fifteen years' prison on the traveling count and to a consecutive five years' sex offender probation on the other count. He subsequently filed a rule 3.850 motion alleging eight claims of ineffective assistance of counsel. On appeal, he challenges the denial of only six of those claims. We find error only in the court's summary denial of ground six and reverse as to that claim only.

In June 2014, Bickel was arrested in the instant case in Polk County for unlawful use of a two-way communication device, use of a computer for child exploitation, traveling to meet a minor to commit an unlawful sex act, and attempted lewd or lascivious battery.[1] He was arrested later that year in Sarasota County for acts committed prior to his Polk County arrest. He then was arrested in March 2016 in Hillsborough County for offenses committed prior to both the Sarasota and Polk County offenses. Trial counsel represented him in all three cases.

---

[1] The State ultimately nolle prossed the first two charges.

In ground six of his postconviction motion, Bickel alleged that counsel was ineffective for advising him not to accept an early plea offer of five years' prison followed by ten years' sex offender probation that covered all three cases pending against him. According to Bickel, that offer was made in December 2014.

He further alleged in his motion that at a July 18, 2014, bond reduction hearing, the lead detective in his case testified that the laptop computer seized from Bickel had been lost by law enforcement. According to Bickel, he had a conversation with counsel after the State advanced the December 2014 plea offer, and counsel told him that the State had found more than 100 photographs involving minors on the laptop but that counsel could not verify that claim until discovery occurred. Bickel maintained that he asked counsel if the detective's July 2014 testimony about the laptop being lost had to be true because it was given under oath, and according to Bickel, trial counsel responded, "That's true." He further alleged in his motion that counsel explained to him that the computer being lost "would mean that the State lacks chain of custody and would therefore have no case." According to Bickel, counsel told him five years in prison was too high an offer

3

and that the "magic number" was three years. But when Bickel was arrested in 2016 in Hillsborough County, while the instant charges were still pending, he learned that the laptop had never been lost.

Bickel maintains that had counsel investigated and discovered that the detective's testimony regarding the lost laptop was false, he would have accepted the five-year plea offer in 2014. By the time Bickel learned that the laptop had never been lost, the five-year plea offer was off the table and his only option in the instant case was to accept the State's only offer at the time, which was for fifteen years' prison followed by five years' sex offender probation.

The postconviction court ordered the State to respond to this claim but eventually summarily denied it. In doing so, the court's order only states the following: "In claim 6, Defendant argues that trial counsel was ineffective for advising him to reject an advantageous plea offer. The State argues that no offer was made for five years in the Department of Corrections followed by ten years of probation." The court attached the State's response, in which the State asserted that no five-year offer was ever extended, and its attachments, including a May 2017 email exchange between

4

Bickel's counsel and the prosecutor regarding plea negotiations in 2017.

Bickel argues on appeal that these attachments do not conclusively refute his claim. We agree.

> To uphold the . . . summary denial of claims raised in a [rule] 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record. Further, where no evidentiary hearing is held below, we must accept the defendant's factual allegations to the extent they are not refuted by the record.

*McLin v. State*, 827 So. 2d 948, 954 (Fla. 2002) (quoting *Foster v. State*, 810 So. 2d 910, 914 (Fla. 2002)).

Neither the 2017 email exchange between the State and Bickel's counsel nor the State's assertion in its response to this claim conclusively refutes Bickel's allegation that the State made a five-year plea offer in 2014 and that counsel erroneously advised him to reject that offer based on counsel's misunderstanding of the State's evidence and failure to investigate the detective's claim that the laptop was lost. The emails only indicate that in 2017 counsel was attempting to obtain either an eight-year or a ten-year offer. They do not reference any offers that may or may not have come before. The fact that the defense and the State were still negotiating

5

offers in 2017 in no way refutes Bickel's claim that a five-year offer was made and rejected in 2014. Additionally, the postconviction court "may not rely on argument by counsel to make factual determinations." *State v. Crumbley*, 247 So. 3d 666, 671 (Fla. 2d DCA 2018) (quoting *State v. Jones*, 30 So. 3d 619, 622 (Fla. 2d DCA 2010)). As such, the State's assertion in its response that no five-year offer was ever made is not competent substantial evidence and does not support the trial court's implicit finding that no such offer was made.

Accordingly, we reverse the summary denial of ground six of Bickel's motion and remand for the postconviction court to either attach record excerpts conclusively refuting the claim or hold an evidentiary hearing on the claim. We affirm in all other respects.

Affirmed in part, reversed in part, and remanded.

KHOUZAM and LABRIT, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.